# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DALE A. MAC EWEN,<br><br>　　　　　　　　　　　Plaintiff,<br>　vs.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>　　　　　　　　　　　Defendant. | CASE NO. 10cv1263-JLS (MDD)<br><br>REPORT AND RECOMMENDATION THAT PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT BE DENIED AND THAT DEFENDANT'S MOTION FOR SUMMARY JUDGMENT BE GRANTED. |

**I.　Introduction**

On June 11, 2010, Dale Mac Ewan ("Plaintiff") filed a Complaint challenging part of the May 9, 2008, decision of Administrative Law Judge Jerry F. Muskrat ("ALJ"). (Doc. No. 1). That decision found that Plaintiff was disabled between October 19, 2005 and January 8, 2007, and granted benefits accordingly, but found that after January 8, 2007, Plaintiff was no longer disabled and thus no longer eligible for benefits. Id. On December 10, 2010, Plaintiff filed a Motion for Summary Judgment, asserting that the ALJ's decision mischaracterized the record and improperly disregarded evidence. (Doc. No. 12). On March 2, 2011, Defendant filed a Cross Motion for Summary Judgment, asserting that the ALJ's decision was accurate and well-supported, and should be upheld. (Doc. No. 18). On the same day, Defendant filed a Response in Opposition to Plaintiff's Motion. (Doc. No. 19). On March 11, 2011, Plaintiff filed a Reply to Defendant's Response. (Doc. No. 21).

## II. Factual Background

On October 19, 2005, Plaintiff was involved in a motorcycle accident. (Doc. No. 12). Plaintiff suffered multiple fractures, a perforated colon, and amputation of his left leg below the knee. Id. Prior to the accident, Plaintiff had worked as a forklift driver, a warehouseman, a plant maintenance worker at a pinball machine company, a draftsman, and various jobs through a temporary worker agency. Id. After his accident, Plaintiff has not worked, though he twice attempted to do so. Id.

Plaintiff has undergone several surgeries since his accident. Id. He is currently taking OxyContin and anti-nausea medication. Id. Plaintiff contends that he continues to suffer from nausea, and pain in his lower abdomen, lower back, leg, arm, as well as "phantom pain" from his amputation. (A.R. at 47, 54-55).

## III. Legal Standard

The supplemental security income program established by Title XVI of the Act provides benefits to disabled persons without substantial resources and little income. 42 U.S.C. § 1383. To qualify, a claimant must establish an inability to engage in "substantial gainful activity" because of a "medically determinable physical or mental impairment" that "has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382(a)(3)(A). The disabling impairment must be so severe that, considering age, education, and work experience, the claimant cannot engage is any kind of substantial gainful work that exists in the national economy. 42 U.S.C. § 1382(a)(3)(B).

The Commissioner makes this assessment through a five-step analysis. First, the claimant must currently be not working. 20 C.F.R. § 416.920(b). Second, the claimant must have a "severe" impairment. 20 C.F.R. § 416.920(c). Third, the medical evidence of the claimant's impairment is compared to a list of impairments that are presumed severe enough to preclude work. 20 C.F.R. § 416.920(d). If the claimant's impairment meets or equals one of the listed impairments, benefits are awarded. 20 C.F.R. § 416.920(d). Fourth, if the claimant can do his past work, benefits are denied. 20 C.F.R. § 416.920(e). Fifth, if the claimant cannot do his past work and, considering the claimant's age, education, work experience, and residual functional capacity,

1 cannot do other work that exists in the national economy, benefits are awarded. 20 C.F.R. §
2 416.920(f). The last two steps of the analysis are required by statute. 42 U.S.C. § 1382(a)(3)(B).

3       Section 1383(c)(3) of the Social Security Act, through Section 405(g) of the Act, allows
4 unsuccessful applicants to seek judicial review of a final agency decision of the Commissioner. 42
5 U.S.C. §§ 1383(c)(3), 405(g). The scope of judicial review is limited, however, and the
6 Commissioner's denial of benefits "will be disturbed only if it is not supported by substantial
7 evidence or is based on legal error." Brawner v. Secretary of Health and Human Services, 839
8 F.2d 432, 433(9th Cir. 1988) (quoting Green v. Heckler, 803 F.2d 528, 529 (9th Cir. 1986)).

9       Substantial evidence means "more than a mere scintilla" but less than a preponderance.
10 Sandqathe v. Chater, 108 F.3d 978, 980 (9th Cir. 1997). "[I]t is such relevant evidence as a
11 reasonable mind might accept as adequate to support a conclusion." Id. (quoting Andrews v.
12 Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995)). The court must consider the record as a whole,
13 weighing both the evidence that supports and detracts from the Commissioner's conclusions.
14 Desrosiers v. Secretary of Health & Human Services, 846 F.2d 573, 576, (9th Cir. 1988). If the
15 evidence supports more than one rational interpretation, the court must uphold the ALJ's decision.
16 Allen v. Heckler, 749 F.2d 577, 579 (9th Cir. 1984). When the evidence is inconclusive,
17 "questions of credibility and resolution of conflicts in the testimony are functions solely of the
18 Secretary." Sample v. Schweiker, 694 F.2d 639, 642 (9th Cir. 1982).

19       The ALJ has a special duty in social security cases to fully and fairly develop the record in
20 order to make an informed decision on a claimant's entitlement to disability benefits. DeLorme v.
21 Sullivan, 924 F.2d 841, 849 (9th Cir. 1991). Because disability hearings are not adversarial in
22 nature, the ALJ must "inform himself about the facts relevant to his decision," even if the claimant
23 is represented by counsel. Id. (quoting Heckler v. Campbell, 461 U.S. 458, 471 n.1 (1983)).

24       Even if the reviewing courts finds that substantial evidence supports the ALJ's
25 conclusions, the court must set aside the decision if the ALJ failed to apply the proper legal
26 standards in weighing the evidence and reaching his or her decision. Benitez v. Califano, 573 F.2d
27 653, 655 (9th Cir. 1978). Section 405(g) permits a court to enter a judgment affirming, modifying
28 or reversing the Commissioner's decision. 42 U.S.C. § 405(g). The reviewing court may also

remand the matter to the Social Security Administrator for further proceedings. Id.

**IV.   Discussion**

    **A.   The ALJ's Rejection of Dr. Frey's Opinion**

Plaintiff contends that the ALJ committed harmful, reversible error by rejecting the opinion of treating surgeon Frey. (Doc. No. 12 at 12). Plaintiff acknowledges that the ALJ gave several reasons for rejecting Frey's opinion. Id. The ALJ noted: (1) Frey's opinion is contained on a "fill-in-the-blank form" with only marginal notes; and (2) Frey's conclusions are not supported by medical testing results or other objective medical evidence, and are contradicted by the bulk of the medical evidence. (A.R. at 21). However, Plaintiff contends that these reasons are inaccurate and insufficient to overcome the deference afforded to a treating physician. (Doc. No. 12 at 12). Defendants counter that the ALJ's decision was proper for the reasons given, and because Dr. Frey's opinion discussed irrelevant material. (Doc. No. 19 at 6).

Plaintiff is correct that the opinion of an examining or treating physician is entitled to greater weight than that of a non-examining physician. Lester v. Chater, 81 F.3d 821, 831 (9th Cir. 1995). However, the fact that one physician examined the claimant does not mean that his opinion is dispositive. See id. Rather, the commissioner may reject a treating physician's opinion for "clear and convincing" reasons, even if that opinion is uncontradicted. Id. If the opinion is contradicted by other evidence, the opinion of an examining physician can be rejected for specific and legitimate reasons that are supported by substantial evidence in the record. Id. at 832.

    **1.   Frey's opinion is not brief or conclusory**.

In Batson v. Commissioner of Soc. Sec. Admin, 359 F.3d 1190 (9th Cir. 2004), the Ninth Circuit noted that in a social security disability proceeding, an ALJ may discredit a treating physician's opinions that are conclusory, brief, and unsupported by the record as a whole or by objective medical findings.

Here, the ALJ noted that Dr. Frey's opinion "appears on a fill-in-the-blank form with only marginal notes attached to it. (A.R. at 21). The doctor failed to cite any medical testing results or objective observations to support his conclusions as to the claimant's residual functional capacity." Id. Plaintiff, however, contends that the ALJ incorrectly assessed the substance of Frey's opinion.

1  Specifically, Plaintiff notes that not only did Frey submit the pre-printed questionnaire, but also a
2  "narrative statement." (Doc. No. 12 at 12) (citing A.R. 1210-11, 1214-1222).  Furthermore,
3  Plaintiff notes that Frey provided "copious hospital treatment notes and operative reports detailing
4  the nature of [Plaintiff's] recurrent colon abscesses, which have been stubbornly resistant to both
5  conservative and surgical treatment." Id. (citing A.R. 957-60, 1132-33, 1151-52, 1126-29, 1154-
6  55, 1101-03, 1106-1110, 1086-1097, 1060, 1065-68, 1071-73).  These notes include reports
7  compiled by Frey over the course of Plaintiff's eleven hospital visits between June and October of
8  2007, and from further treatment. Id. at 12-13.

9  Defendants acknowledge that Dr. Frey provided notes for Plaintiff's visits, but counter that
10 these notes only cover a period prior to January 2007. (Doc. No. 19 at 6).  Defendants note that
11 Plaintiff's disability was undisputed prior to 2007, and thus notes on Plaintiff's condition or
12 treatment should have no bearing on the ALJ's decision denying benefits after that period. Id.
13 Furthermore, Defendants contend that these treatment notes only discuss surgeries related to
14 Plaintiff's stomach abscesses, a problem which Defendants contend is no longer at issue because
15 Plaintiff conceded at the hearing his stomach problem was under control. Id. (citing A.R. 59).

16 In his Reply, Plaintiff correctly points out that the treatment notes provided by Dr. Frey do
17 not only cover the undisputed period of liability ending in January 2007, but extend up to the date
18 of the hearing. (Doc. No. 21 at 2).  Thus, they are relevant to the ALJ's decision.  The record also
19 reflects that Plaintiff did not concede that his stomach problems were under control.  While
20 Plaintiff did admit that there were no abscesses at the time of the hearing, he also clarified that he
21 was still experiencing pain and other symptoms, and that his condition was expected to worsen.
22 (A.R. at 59-61).  Plaintiff stated that he had multiple surgeries throughout 2007 and that these
23 surgeries had not corrected his abdominal pain. (A.R. at 59).  Plaintiff further testified that, during
24 the latest set of surgeries, a portion of his colon was removed and a later surgery would be needed
25 to reattach his colon. Id. at 59-60.  When asked about his abscesses, Plaintiff testified that while
26 he didn't currently have any abscesses, there was concern that when his colon was reattached the
27 abscesses would recur. Id. at 60-61.  Thus, contrary to Defendants' argument, the fact that Dr.
28 Frey focused on Plaintiff's stomach condition does not render his opinion obsolete.

Furthermore, Plaintiff is correct that Frey provided extensive notes. (A.R. at 957-960, 1132-33, 1151-52, 1126-29, 1154-55, 1101-03, 1106-1110, 1086-97, 1060, 1065-68, 1071-73). While the ALJ and Defendants are correct that the fill-in-the-blank form Dr. Frey provided would likely be too brief and conclusory on its own, even with the narrative statement, Dr. Frey's treatment notes provide a factual basis for his opinion. The ALJ's conclusion that Dr. Frey's opinion was not supported by any "testing results or objective observations" is not supported by the record. (A.R. at 21). Dr. Yu, the testifying medical expert, acknowledged at the hearing that Dr. Frey's treatment notes were significant, at least with regard to Plaintiff's stomach condition, for which Frey was Plaintiff's treating physician. (A.R. at 82-83). Thus, the contention that Dr. Frey's opinion was brief or conclusory is not supported by the record and, on its own, is an insufficient ground for dismissing Dr. Frey's opinion. Thomas v. Barnhart. 278 F.3d 947, 957 (9th Cir. 2002). However, if the ALJ's other reasons for discounting Dr. Frey's opinion are valid and constitute specific and legitimate reasons for rejecting Dr. Frey's opinion, then the ALJ's decision may be affirmed. Lester, 81 F.3d at 831

**2.      Frey's opinion has support in the medical record.**

An ALJ is instructed to consider how consistent a medical opinion is with the other evidence on record. 20 C.F.R. 404.1527(d)(4); 416.927(d)(4). The ALJ is the final arbiter with respect to ambiguities in the medical record. Tommasetti v. Astrue, 533 F.3d 1035, 1041-42 (9th Cir. 2008). Furthermore, "[t]he opinions of non-treating or non-examining physicians may also serve as substantial evidence when the opinions are consistent with independent clinical findings or other evidence in the record." Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002). "Courts have consistently upheld the Commissoner's rejection of the opinion of a treating or examining physician, based in part on the testimony of a nontreating, nonexamining medical advisor." Morgan v. Comm'r of Soc. Sec., 169 F.3d 595, 602 (9th Cir. 1999).

Here, in addition to Dr. Frey's opinion, the ALJ considered the opinions of Dr. Yu, a testifying medical expert, and Dr. Sabourin, the consultative examining physician. (A.R. at 19-25). The ALJ found that Dr. Frey's conclusions were unsupported by any objective medical evidence on record, were contradicted by the objective evidence on record, and were contradicted by the

1  opinions of both Drs. Yu and Sabourin. Id.  Thus, the ALJ had a duty to resolve this conflict.
2  Tommasetti, 533 F.3d at 1041-42.

3  First, Plaintiff contends that Frey's opinion was uncontradicted because Frey was the only
4  doctor to assess the functional impact of Plaintiff's colon condition. (Doc. No. 12 at 13).
5  However, at the hearing, Dr. Yu was made fully aware of all of Dr. Frey's notes and findings
6  regarding Plaintiff's colon condition. (A.R. at 80-83). Dr. Yu reviewed Frey's notes while
7  testifying, and stated that nothing in those notes changed his ultimate assessment of Plaintiff.
8  (A.R. at 83). Thus, Frey's opinion was not uncontradicted, and could be rejected for specific and
9  legitimate reasons that are supported in the record. Lester v. Chater, 81 F.3d at 832.

10  Yu found that Plaintiff's condition was likely to improve, and that even considering all of
11  Frey's notes and acknowledging that Plaintiff had a post-status ruptured colon, he could perform
12  tasks in the range specified by examining physician Sabourin (A.R. at 66-69). Thus, Yu's account
13  does contradict Frey's account and supports the ALJ's decision.

14  However, there is no evidence that Dr. Sabourin considered Plaintiff's colon issues, the
15  issue for which Dr. Frey treated Plaintiff. (See A.R. at 935). Dr. Sabourin's report discusses
16  Plaintiff's orthopedic injuries exclusively. (A.R. at 939). While Dr. Sabourin mentions a report
17  from Dr. Frey discussing Plaintiff's colon issues, he does not list colon or stomach conditions in
18  his findings, in contrast to the ALJ's finding that Plaintiff had a post-status ruptured colon. (A.R.
19  at 22). Thus, Dr. Sabourin's opinion does not directly contradict Dr. Frey's opinion on Plaintiff's
20  stomach conditions, and is not a legitimate reason for rejecting Dr. Frey's opinion. However, the
21  opinion of Dr. Yu does refute Dr. Frey's opinion.

22  While it is possible that Dr. Yu's opinion, in light of the rest of the medical record, would
23  be enough to discredit Dr. Frey's opinion, the ALJ's decision to reject Dr. Frey's opinion was
24  based on substantial error, including an erroneous view of the substance of Dr. Frey's opinion. Id.;
25  20 C.F.R. 404.1527(d)(4); 416.927(d)(4). This error was compounded by Defendant's contention
26  in their Opposition that Dr. Frey's opinion covered only the undisputed period before 2007 and
27  that Plaintiff had admitted at the hearing that his stomach problem was under control. While the
28  ALJ is responsible for resolving ambiguities in the record, the ALJ's decision must be supported

1  by substantial evidence that is supported by the record.  <u>Tommasetti v. Astrue</u>, 533 F.3d 1035,

2  1041-42;  <u>Lester v. Chater</u>, 81 F.3d at 832.  The ALJ's decision, as it currently stands before this

3  Court, is not supported by substantial evidence in the record, and cannot be upheld.

4        **B.**     **The ALJ's Rejection of Plaintiff's Subjective Complaints**

5        An ALJ is not "required to believe every allegation of disabling pain" or other impairment.

6  <u>See</u> <u>Fair v. Bowen</u>, 885 F.2d 597, 603 (9th Cir. 1989).  However, an ALJ must provide specific,

7  cogent reasons for rejecting a plaintiff's testimony.  <u>Morgan v. Commissioner of Soc. Sec. Admin</u>,

8  169 F.3d 595, 599 (9th Cir. 1999); <u>Lester</u>, 81 F.3d at 834.  The factors that an ALJ may consider in

9  deciding whether to reject a claimant's testimony are specified in the Social Security

10 Administration rules, and the ALJ may not cite to reasons which do not comport with the

11 Agency's rules.  <u>Orn</u>, 495 F.3d at 635-37.  Those reasons include "reputation for truthfulness,

12 inconsistencies in the testimony or between testimony and conduct, daily activities, and

13 'unexplained or inadequately explained, failure to seek treatment of follow a prescribed course of

14 treatment.'"  <u>Id.</u> at 636 (citing <u>Fair</u>, 885 F.3d at 603).

15       At the hearing, Plaintiff testified that he had more severe functional limitations than the

16 ALJ ultimately found.  (A.R. at 21).  The ALJ rejected Plaintiff's testimony after finding that

17 Plaintiff's subjective complaints were not credible.  (Doc. No. 12).  The ALJ gave the following

18 reasons for finding Plaintiff not credible: (1) Plaintiff's testimony was not supported by any

19 objective medical evidence, including the findings of Dr. Sabourin's examination; (2) there is no

20 indication Plaintiff has received any significant treatment for his stomach problems since

21 September 2007, or other impairments since 2006, including "conservative routine maintenance";

22 and (3) there has been "no significant increase or changes in prescribed medication reflective of an

23 uncontrolled condition" or of "side effects from medication."  (A.R. at 21-22).  The ALJ

24 concluded that these findings contradict Plaintiff's testimony regarding his pain and side-effects.

25 <u>Id</u>.

26       Plaintiff contends that these reasons are not supported by the record, and thus the ALJ

27 improperly discredited Plaintiff's testimony.  (Doc. No. 12 at 14).  First, Plaintiff contends that his

28 testimony regarding ongoing pain and treatment are adequately supported by the record.  (Doc.

No. 12). Plaintiff contends that the record contains numerous references to his recurrent and painful colon abscesses, as well as the surgery and medication needed to treat these abscesses. Indeed, the record contains numerous references to Plaintiff's repeated hospitalizations for his stomach conditions. (A.R. at 957-60, 1132-33, 1151-52, 1126-29, 1154-55, 1101-03, 1106-10, 1086-97, 1060, 1065-68, 1071-73). The ALJ's contention that "there is no indication in the record that these problems will reoccur in the future" (A.R. at 22) is contradicted by the long history of recurrence of Plaintiff's abscesses already detailed, and the treatment notes advising Plaintiff that his condition may require further monitoring. (A.R. at 1126, 1155, 1210). Plaintiff's statements at the hearing that he would require additional surgery and that there may be complications stemming from that surgery are well supported in the record, and thus do not support the ALJ's contention that Plaintiff was not credible.

Additionally, although the ALJ is correct that Dr. Sabourin reported positive findings at his January 8, 2007 exam, Dr. Sabourin did not discuss Plaintiff's stomach conditions. (A.R. at 22). Plaintiff does not contest Dr. Sabourin's findings with regard to his other injuries. Plaintiff merely notes that Dr. Sabourin failed to consider Plaintiff's stomach condition in reaching his decision. Thus, Dr. Sabourin's findings do not necessarily conflict with the Plaintiff's testimony, and do not indicate that Plaintiff's testimony was not credible. Accordingly, Dr. Sabourin's report is an inadequate basis for finding Plaintiff not credible. See Orn, 495 F.3d at 635; Soc. Sec. Ruling 96-7p.

Second, Plaintiff disputes the ALJ's assertion that "the record fails to show that [Plaintiff] has received any significant treatment for his other impairments since 2006, including conservative routine maintenance." (A.R. at 22). Defendants do not address this point in their Opposition. Plaintiff again points to the copious hospital records and treatments notes to show that this rationale is not supported by the record. (Doc. No. 12 at 16).

The ALJ's assertion is clearly refuted by the record. It is unclear what the ALJ means by the term "significant surgery" but in light of the ALJ's acknowledgment in the same paragraph that Plaintiff had two abdominal surgeries in July and September of 2007, this rationale is not supported by the record and thus cannot be used as a basis for finding Plaintiff not credible. See

1  Orn, 495 F.3d at 635; Soc. Sec. Ruling 96-7p.  Further clarification from the ALJ is necessary to
2  ensure that Plaintiff's complete medical record was considered and reviewed.    DeLorme, 924
3  F.2d at 849.

4        Finally, Plaintiff disputes the ALJ's statement that there has been "no significant increase
5  or changes in prescribed medication reflective of an uncontrolled condition."  (Doc. No. 12 at 16)
6  (citing A.R. at 22).  Plaintiff points to hospital records from August 24, 2011, drafted by Dr. M.
7  Silverman, in which Dr. Silverman states that Plaintiff has "had escalating doses of narcotics that
8  he has been taking on his own."  (A.R. at 1109).  Dr. Silverman speculates that Plaintiff is addicted
9  to narcotics as a result of the higher levels of medications he has been taking.  Id.

10       It is unclear whether Dr. Silverman is describing prescribed increases in Plaintiff's
11 medication necessitated by Plaintiff's condition, or abuses of an existing prescription.  The former
12 would support Plaintiff's contention and refute the ALJ's rationale, while the latter would be
13 consistent with the ALJ's findings.  Thus, the ALJ's conclusion is not clearly erroneous, and, in
14 light of the bulk of the medical record, supports his conclusion that Plaintiff is not credible.

15       Defendants do not address these final two points in their Opposition.  Rather, Defendants
16 contend that the ALJ properly exercised his discretion in finding Plaintiff not credible because
17 Plaintiff was "identified as a poor historian."  (Doc. No. 18 at 8) (citing A.R. at 935).  This
18 rationale, however, does not support the ALJ's finding.  While Dr. Sabourin noted in his exam that
19 Plaintiff had been described as a poor historian, there is no indication who made this
20 determination, what it was based on, or whether it was adopted by Dr. Sabourin.  (A.R. at 935).
21 Accordingly, this is not a specific finding on credibility which is supported by evidence in the
22 record, and cannot be used to find Plaintiff not credible.  See Soc. Sec. Ruling 96-7p.

23       In conclusion, while the ALJ's decision does list at least one valid basis for finding
24 Plaintiff not credible, it also includes several basis that are not valid.  Specifically, the ALJ
25 misreads the record in concluding that Plaintiff did not undergo any significant treatment since
26 2006, and in finding that there was no evidence that Plaintiff continued to suffer from his stomach
27 condition.  (A.R. at 22).  Furthermore, there is no evidence to support Defendants' contention that
28 Plaintiff is a poor historian.  In light of these errors, the Court finds that the ALJ's finding that

1  Plaintiff is not credible is based on substantial error, and is not supported by substantial evidence.
2  Sandqathe, 108 F.3d at 980.

3  **IV.     Remand for further administrative proceedings is appropriate.**

4        As discussed above, the ALJ's decision to reject the opinion of Dr. Frey, and the ALJ's
5  finding that Plaintiff is not credible are based on substantial error and are not supported by
6  substantial evidence. Id. The ALJ has a special duty in social security cases to fully and fairly
7  develop the record in order to make an informed decision on a claimant's entitlement to disability
8  benefits. DeLorme, 924 F.2d at 849. In light of these factual errors, the ALJ's decision cannot be
9  affirmed.

10        When an ALJ's decision is not supported by substantial evidence, the reviewing court may
11  either reverse, and award benefits, or remand for further administrative proceedings. Harman v.
12  Apfel, 211 F.3d 1172, 1178 (9th Cir. 2000). Remand is the preferable course, and a full reversal is
13  rarely appropriate. INS v. Ventura, 537 U.S. 12, 16 (2002); Moisa v. Barnhart, 367 F.3d 882, 886
14  (9th Cir. 2004). An immediate award of benefits is only appropriate when: (1) the ALJ failed to
15  provide legally sufficient reasons for rejecting the evidence; (2) there are no outstanding issues
16  that must be resolved before a determination of disability can be made; and (3) it is clear from the
17  record that the ALJ would be required to find the claimant disabled upon review. Benecke v.
18  Barnhart, 379 F.3d 587, 593 (9th Cir. 2004).

19        Here, outstanding issues remain that must be addressed before a determination of disability
20  can be made. The ALJ's decision to reject the opinion of Dr. Frey was based on an incomplete
21  analysis of the record, and a mistaken view of Plaintiff's medical history regarding his stomach
22  condition. The ALJ must re-evaluate Dr. Frey's testimony in light of the significant treatment
23  notes and hospital records regarding Plaintiff's stomach condition, and in light of Dr. Sabourin's
24  failure to consider Plaintiff's stomach condition. Furthermore, the ALJ must re-evaluate his
25  finding that Plaintiff was not credible in light of the fact that there is no support in the record for
26  the proposition that Plaintiff is a poor historian, that Plaintiff has undergone several surgeries since
27  2007, and that Plaintiff's medication levels have changed. The Court does not posit on the
28

1 ultimate outcome of this analysis.

**V.     Conclusion**

It is **RECOMMENDED** that both Plaintiff and Defendant's Motion for Summary Judgment be **DENIED** and the case **REMANDED** to the ALJ for further proceedings consistent with this ruling**.**

This Report and Recommendation of the undersigned Magistrate Judge is submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).

**IT IS HEREBY ORDERED** that any written objection to this REPORT must be filed with the Court and served on all parties no later than **September 30, 2011**. The document should be captioned "Objections to Report and Recommendations.

**IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court and served on all parties no later than **October 7, 2011**. The parties are advised that failure to file objections within the specific time may waive the right to raise those objections on appeal of the Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

**IT IS SO ORDERED.**

DATED:  September 7, 2011

                                                                    Hon. Mitchell D. Dembin
                                                                    U.S. Magistrate Judge