UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DALE A. MACEWEN,<br><br>                              Plaintiff,<br><br>v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>                             Defendant. | Case No.: 10-CV-1263 JLS (MDD)<br><br>**ORDER GRANTING PLAINTIFF'S COUNSEL'S MOTION FOR ATTORNEY FEES PURSUANT TO 42 U.S.C. § 406(b)**<br><br>(ECF No. 29) |

Presently before the Court is Plaintiff Dale A. MacEwen's Counsel Shanny J. Lee ("Counsel")'s Motion for Attorney Fees Pursuant to 42 U.S.C. § 406(b). (ECF No. 29.) Also before the Court is Defendant's Response to the Motion for Attorney Fees. (ECF No. 32.) Having considered the parties' arguments and the law, the Court **GRANTS** Counsel's Motion for Fees.

## BACKGROUND

On June 11, 2010, Plaintiff filed a complaint pursuant to Section 405(g) of the Social Security Act. (R. & R. at 1, ECF No. 24.) Plaintiff asked the Court to review the final decision of the Commissioner of the Social Security Administration denying Plaintiff's claim for supplemental security income benefits and social security disability insurance benefits. *Id.* Counsel filed the complaint on Plaintiff's behalf pursuant to a signed contingency-fee agreement providing that Counsel, if successful, would receive 25% of the

final award. (Pl.'s Mot. for Att'y Fees, Lee Decl. ¶ 8; *id.*, Ex. A, at 1.) On December 10, 2010, Plaintiff filed a Motion for Summary Judgment regarding his Section 405(g) claim, and on March 2, 2011, Defendant filed a Cross Motion for Summary Judgment and Opposition to Plaintiff's Motion for Summary Judgment. (R. & R. at 1.) On March 11, 2011, Plaintiff filed a Reply to Defendant's Response. (*Id.*)

On September 7, 2011, Magistrate Judge Mitchell D. Dembin issued an R. & R. finding that the Administrative Law Judge ("ALJ") committed legal error both by rejecting the opinion of Plaintiff's treating surgeon, Dr. Frey, and by finding that Plaintiff was not credible. (*Id.* at 11.) Magistrate Judge Dembin recommended that both parties' motions for summary judgment be denied and the case remanded for further proceedings. (*Id.* at 12.) Defendant did not object to the R. & R. and on November 2, 2011, the Court adopted Magistrate Judge Dembin's R. & R. in its entirety. (ECF No. 25.)

Prior to remand, the parties jointly moved for attorney fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), in the amount of $5,800, "subject to any offset allowed under the United States Department of Treasury's Offset Program." (ECF No. 26.) The Court granted the motion, (ECF No. 27), but no money was ultimately paid to Plaintiff or Counsel because the government determined that Mr. MacEwen owed a pre-existing, non-tax, federal debt that equaled or exceeded the amount of the EAJA award. (Pl.'s Mot. for Att'y Fees, Lee Decl. ¶ 8.)

On remand, ALJ James S. Carletti issued a decision partially favorable to Mr. MacEwen, and the Appeals Council issued a fully favorable decision several months later. (*Id.* ¶¶ 9–10.) In March of 2016, the Social Security Administration ("SSA") issued a Notice of Award letter to Mr. MacEwen, noting that $21,808.50 of the award had been set aside for potential payment to Mr. MacEwen's representative as attorney fees. (*Id.* ¶ 11.) Counsel now moves under 42 U.S.C. § 406(b) for attorney fees in the amount of $21,808.50, as both specified in the contingency agreement and set aside by the SSA.

/ / /

/ / /

**LEGAL STANDARD**

Section 406(b) governs an attorney's right to recover fees in a successful Social Security case.[3] The U.S. Supreme Court has held that,

> [m]ost plausibly read, . . . § 406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court. Rather, § 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases. Congress has provided one boundary line: Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past due benefits. . . . Within the 25 percent boundary, . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered.

*Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002) (footnotes and citation omitted). Thus, a district court should first look to the contingency-fee agreement and then test it for reasonableness. *Id.* at 808.

The Supreme Court has instructed that a reduction of the fee award may be appropriate "based on the character of the representation and the results the representative achieved." *Id.* The Ninth Circuit subsequently explained that when analyzing the reasonableness of a fee award a Court "may properly reduce the fee for substandard performance, delay, or benefits that are not in proportion to the time spent on the case."

---

[3] Section 406(b)(1)(A) of title 42 of the United States Code provides:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may, notwithstanding the provisions of section 405(i) of this title, but subject to subsection (d) of this section, certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits. In case of any such judgment, no other fee may be payable or certified for payment for such representation except as provided in this paragraph.

*Crawford v. Astrue*, 586 F.3d 1142, 1151 (9th Cir. 2009) (citing *Gisbrecht*, 535 U.S. at 808). Further, the Supreme Court has explicitly provided that,

> [i]n this regard, the court may require the claimant's attorney to submit, not as a basis for satellite litigation, but as an aid to the court's assessment of the reasonableness of the fee yielded by the fee agreement, a record of the hours spent representing the claimant and a statement of the lawyer's normal hourly billing charge for noncontingent-fee cases.

*Gisbrecht*, 535 U.S. at 808; *see also Crawford*, 586 F.3d at 1151. It is important that the Court assess the reasonableness of the requested fees because, "while the attorney's compensation must be sufficient to encourage members of the bar to undertake representation of disability claimants, the disability award, from which the attorney's fee is paid, is normally an already-inadequate stipend for the support and maintenance of the claimant and his dependents." *Starr v. Bowen*, 831 F.2d 872, 873 (9th Cir. 1987) (quoting *MacDonald v. Weinberger*, 512 F.2d 144, 146–47 (9th Cir. 1975)).

The EAJA also permits an attorney to receive fees for successful Social Security representations.[4] *See Parrish v. Comm'r of Soc. Sec. Admin.*, 698 F.3d 1215, 1216–17 (9th Cir. 2012). Fees awarded pursuant to the EAJA are paid by the government rather than the claimant. *Id.* at 1218. Accordingly, while "[f]ee awards may be made under both prescriptions, . . . the claimant's attorney must 'refun[d] to the claimant the amount of the smaller fee.'" *Gisbrecht*, 535 U.S. at 796 (quoting Act of Aug. 5, 1985, Pub. L. No. 99-80, § 3, 99 Stat. 186) (second alteration in original).

---

[4] Pursuant to the EAJA:

> [A] court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A).

# ANALYSIS

Although usually an EAJA award that is smaller than a related § 406(b) award would be refunded to a plaintiff by their counsel, in the present case neither Counsel nor Plaintiff received the EAJA award due to the government's assessing the award against Plaintiff's outstanding debt. Because the purpose of offsetting the awards is to ensure "the claimant receives 100 percent of the past-due benefits," *Gisbrecht*, 535 U.S. at 796, there is no reason here to lower Counsel's § 406(b) fee award even though EAJA fees were technically "awarded." Plaintiff received the benefit of the EAJA award by having his debt lowered, and Counsel never received any compensation from the award. Accordingly, the Court concludes that the EAJA award should not be deducted from the § 406(b) award.

Because the § 406(b) award at issue was derived from Counsel and Plaintiff's 25% contingency-fee agreement, the award is within the statutory boundary. 42 U.S.C. § 406(b)(1)(A); *Gisbrecht*, 535 U.S. at 807. Further, the Court concludes that none of the reasons for reducing a fee award identified by the *Crawford* court are applicable in the present case. Counsel obtained a favorable judgment for Plaintiff and the record presents no indication of delay. The only remaining consideration is whether the benefits secured by Counsel are in proportion to the time spent on the case.

"Since *Gisbrecht* was handed down by the Supreme Court, the district courts generally have been deferential to the terms of contingency fee contracts in § 406(b) cases, accepting that the resulting *de facto* hourly rates may exceed those for non contingency-fee arrangements." *Hearn v. Barnhart*, 262 F. Supp. 2d 1033, 1037 (N.D. Cal. 2003) (collecting cases). Further, contingency-fee arrangements expose an attorney to the inherent "risk of receiving nothing for his time and effort" if the plaintiff is unsuccessful. *Id.*

In the present case, Counsel spent 35.2 hours litigating the district court appeal, (Pl.'s Mot. for Att'y Fees, Lee Decl. ¶ 7); assessed against the proposed fee award, this amounts to an hourly rate of $620 per hour. While such an hourly rate is on the higher end charged for social security appeals, the Court nonetheless concludes that the fee is reasonable in the

present case. Counsel has fourteen years of experience in the field of social security law and here secured a favorable outcome in Plaintiff's district court appeal, ultimately resulting in a fully favorable judgment by the SSA Appeals Council. (*Id.* ¶¶ 2, 9, 10.) Further, fees within this general range have been previously awarded and upheld within the Ninth Circuit. *See, e.g.*, *Crawford*, 586 F.3d at 1153 (Clifton, J., concurring in part and dissenting in part) (noting that majority ordered payments in underlying cases that equated to $519, $875, and $902 hourly rates). Finally, Counsel took a non-negligible risk in accepting the present case. There were cross-motions for summary judgment during the district court appeal, resulting in a twelve-page Report and Recommendation by Magistrate Judge Dembin, (R. & R., ECF No. 24), and upon remand to the SSA Plaintiff still was not awarded a fully favorable decision until the Appeals Council further reviewed the ALJ's fourteen-page decision addressing nine pages worth of exhibits, (*compare* Notice of Decision—Partially Favorable, ECF No. 29-5, *with* Notice of Appeals Council Decision Fully Favorable, ECF No. 29-6). In sum, this was not a formulaic case, and Counsel's representation was adequate under the circumstances.

## CONCLUSION

In light of the foregoing, the Court concludes that Counsel's fee request is reasonable and therefore **GRANTS** Counsel's Motion for Attorney Fees. The Court awards fees in the amount of $21,808.50.

**IT IS SO ORDERED.**

Dated:  October 18, 2016

Hon. Janis L. Sammartino
United States District Judge